IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAQUIN MASESTAS-MANUEL,

    Plaintiff,

V.                                            Case No. 13CV0782 WJ/ACT

MORA INDEPENDENT SCHOOL
DISTRICT AND THOMAS GARCIA

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS DEFENDANT THOMAS GARCIA

**THIS MATTER** comes before the Court upon the Motion and Memorandum Brief to Dismiss Defendant Thomas Garcia filed August 29, 2013 **(Doc. No. 9)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

### Background

This action, brought pursuant to the New Mexico Human Rights Act and Title VII, arises out of events involving Plaintiff's employment with Mora Independent School District ("MISD") as a band teacher. Plaintiff alleges discrimination based on his status as a Native American. During the relevant times described in the Complaint, Defendant Garcia was the superintendent of MISD. However, Defendant Garcia has since left his position as superintendent and is no longer employed by MISD.

Defendant Garcia alleges that Plaintiff failed to effectuate proper service as required by Fed. R. Civ. P. 4. Plaintiff left a copy of the summons and Complaint in this matter with an

employee at MISD. Although the employee purported to accept service on Defendant Garcia's behalf, Defendant Garcia alleges that this was improper service because Defendant Garcia is no longer employed or affiliated in any way with MISD. It is undisputed that after the filing of the present motion, Plaintiff personally served Defendant Garcia with a copy of the summons on September 20, 2013. The return of service provided by Plaintiff states that Defendant Garcia was also personally served with a copy of the Complaint along with the summons, therefore Plaintiff asserts Defendant's motion is moot because he was properly personally served. However, Defendant Garcia asserts that Plaintiff failed to provide a copy of the Complaint when Defendant Garcia was personally served with the summons. Accordingly, Defendant Garcia asserts both of Plaintiff's attempts at service were deficient and requests this Court quash service or dismiss the claims against Defendant Garcia pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5).

**Discussion**

**I.   Legal Standard**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97 (1987). Fed. R. Civ. P. 4(e)(2)(A) provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Service may also be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New Mexico law also provides for personal service of a defendant. See NMRA 1-004(e)(1)(a) (providing that service may be accomplished by providing Defendant with copy of Summons and Complaint personally).

"While the plaintiff has the burden of establishing personal jurisdiction and of establishing the validity of the service of process, this burden varies depending on the pretrial

procedure employed by the district court." Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (citation omitted).  "When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." Id.  The "well pled facts" of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits.  Id.; see also Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988) (stating that in regards to jurisdictional challenges, "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.").  "The onus for proving service is on the party invoking jurisdiction, but the law provides an effective way for that party to prove jurisdiction [,by showing the party followed the rules for proper service.]"  Vigil v. City of Espanola, CIV.08-0980 JB/RLP, 2009 WL 1300746, *12 (D.N.M. Feb. 18, 2009).  "The presumption of valid service for following prescribed methods of service prevents the injustice of allowing parties to thwart a court's proper jurisdiction by making unsubstantiated allegations that they did not receive notice of an action."  Id.  "It would be unfair to place the burden of proving proper service on a party, but leave the other party unlimited ability to deny receipt of service."  Id.

## II.     Plaintiff Has Adequately Shown Proper Service Was Effectuated

Here, Defendant Garcia admits that he was personally served with a copy of the summons; therefore, there is no dispute that Defendant Garcia was personally contacted by Plaintiff's process server.  The only disagreement concerns whether a copy of the Complaint was attached.  In regards to this issue, the Court is confronted by two conflicting affidavits: the notarized Return of Service executed by Plaintiff's process server and Defendant Garcia's own affidavit that states the process server did not provide a copy of the Complaint.  The Court is

obligated to resolve factual disputes at this stage in favor of Plaintiff.  See Fed. Deposit Ins. Corp., 959 F.2d at 174 ("factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits); see also Rambo., 839 F.2d at 1417 (stating that in regards to jurisdictional challenges, "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.").  Further, the Court notes that Defendant Garcia has actual notice of this lawsuit having been served with the summons.  See Kitchens v. Bryan Cnty. Nat. Bank, 825 F.2d 248, 256 (10th Cir. 1987) ("[T]he federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice.").  Defendant Garcia has access to all of the pleadings in this case via the Court's CM/ECF system.   If Defendant Garcia is unable to locate the copy of Complaint provided by Plaintiff, he can certainly retrieve it from the Court's electronic docket or request another copy from Plaintiff's counsel.  If a request for a copy of the Complaint is made, the Court will order Plaintiff's counsel to comply.  Accordingly, the Court finds that Defendant Garcia was personally served with a copy of the summons and Complaint in this matter, thus proper service was effectuated pursuant to Fed. R. Civ. P. 4.

Having determined that Defendant Garcia was properly served under Fed. R. Civ. P. 4 via personal service, the Court need not consider whether Plaintiff's first attempt at service was sufficient or whether Plaintiff's service of Defendant Garcia was sufficient under the New Mexico rules[1].

**THEREFORE, IT IS ORDERED**, that Motion and Memorandum Brief to Dismiss Defendant Thomas Garcia **(Doc. No. 9)** is **DENIED.**

---

[1] However, the Court notes that with the factual dispute regarding the Complaint being resolved in Plaintiff's favor, service was proper under the New Mexico rules because Defendant Garcia was personally served with a copy of the summons and Complaint.  See NMRA 1-004(e)(1)(a).

_____
UNITED STATES DISTRICT JUDGE